THE STATE v. DORA FLEMING, Appellant.

Division Two, June 8, 1909.

APPELLATE JURISDICTION: Misdemeanor: Lottery Ticket. The appeal from a conviction under an information charging defendant with unlawfully selling "a certain ticket and part of a ticket in a lottery, or a device in the nature of a lottery, known as a policy," is to the Court of Appeals, there being no bill of exceptions. The statute (Sec. 2220, R. S. 1899) makes it a misdemeanor, punishable by a fine not exceeding one thousand dollars, for any person to sell or expose to sale a lottery ticket.

Appeal from St. Louis Court of Criminal Correction. —Hon. Wilson A. Taylor, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

Elliott W. Major, Attorney-General, and John M. Atkinson, Assistant Attorney-General, for the State.

At the very outset we wish to call the attention of the court to the question of jurisdiction in this cause. Sec. 2220, R. S. 1899, under which this prosecution is had, makes the offense charged a misde-

meanor only. There is nothing before this court but the record proper, and nothing to show that a constitutional question was raised in the lower court to give this court jurisdiction. Hence, we say this court is without jurisdiction to hear and determine this cause, and the same should be transferred to the St. Louis Court of Appeals.

BURGESS, J.—By an information filed by the assistant prosecuting attorney in the St. Louis Court of Criminal Correction, the defendant was charged with unlawfully selling to one Daisy Owens, on the 19th day of April, 1907, "a certain ticket and part of ticket in a lottery, or a device in the nature of a lottery, known as a policy." A jury being waived, the court, upon trial had, found the defendant guilty as charged, and assessed her punishment at a fine of two hundred dollars. Motions for new trial and in arrest of judgment were filed by defendant, and overruled by the court, whereupon an appeal was taken to this court.

No bill of exceptions was filed. This case falls within the provisions of section 2220, Revised Statutes 1899, which makes it a misdemeanor, punishable by a fine not exceeding one thousand dollars, for any person to sell or expose to sale a lottery ticket.

As the Supreme Court is without jurisdiction of the cause, the transcript of the record is ordered transferred to the St. Louis Court of Appeals. All concur.